UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| DOUG MURPHY, | ) | CIV. 07-5080-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| KMART CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Doug Murphy, seeks an order from this court to allow him to introduce into evidence excerpts of depositions taken in prior age discrimination lawsuits against defendant, Kmart Corporation. Kmart opposes the motion. The motion is granted.

**FACTS**

Murphy has made a claim of age discrimination against Kmart. Murphy alleges that Kmart had a plan to terminate and force out older store managers, which plan was released at an April 2004 meeting in San Diego. During the meeting, Murphy alleges that Rick Carr, Kmart's then-regional vice president, made several comments regarding getting rid of older managers and replacing them with younger managers. The meeting was attended by Kmart district managers and regional managers for the western United States. Three Kmart employees (Dennis Ferree, Karen Larson, and Dennis Siever) who were in attendance at the meeting have testified in depositions in two other age

discrimination cases (<u>Dennis Ferree v. Kmart</u> and <u>Robert Klompenberg v. Kmart</u>).  Kmart was a defendant in both of those cases.  In each deposition, an attorney for Kmart was present and was afforded the opportunity to examine the deponents.

## DISCUSSION

Federal Rule of Evidence 804(b)(1) and Federal Rule of Civil Procedure 32 govern the trial use of a deposition taken in another civil action.  The rules are to be construed together to determine the admissibility of the deposition testimony.  8A Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, <u>Federal Practice and Procedure</u> § 2150.  <u>See also</u> <u>Clay v. Buzas</u>, 208 F.R.D. 636, 637 (D. Utah 2002).

Pursuant to Fed. R. Civ. P. 32(a)(8), "[a] deposition lawfully taken and, if required, filed in any federal- or state-court action may be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action.  A deposition previously taken may also be used as allowed by the Federal Rules of Evidence."  Kmart contends that Rule 32 does not permit the admission of the depositions at question here because Murphy was not a party to the prior litigation.  Rule 32(a)(8), however, specifically authorizes the use of deposition testimony previously taken as long as it is allowed by the Federal Rules of Evidence.  <u>Id.</u>

Fed. R. Evid. 804(b) provides that:

2

> The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
>> **(1) Former testimony.** Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

Rule 804(b)(1) specifically authorizes the admission of the deposition testimony as long as the party against whom the testimony is now offered, or their predecessor in interest, had an opportunity and similar motive to develop the testimony. See DeLuryea v. Winthrop Laboratories, 697 F.2d 222, 226 (8th Cir. 1983). Because Kmart was a party to both of the other proceedings and the evidence is being offered against Kmart, Murphy is not required under Fed. R. Evid. 804(b)(1) to be a party to the prior proceeding for admission of the deposition testimony.

    Kmart next contends that Murphy cannot establish that the witnesses whose testimony he seeks to admit are unavailable. Kmart argues that Murphy could depose the witnesses in this case and then present their testimony by deposition. Under Rule 804, a witness is unavailable if the witness is unable to attend the trial and the proponent of the statement is unable to procure the declarant's attendance by process or other reasonable means. See Fed. R. Evid. 804(a)(5). A trial subpoena in a civil case is not enforceable if the witness is a nonparty, is outside the state of the issuing

3

court, and would have to travel more than 100 miles from the place designated for the trial.  See Fed. R. Civ. P. 45.  See also Fed. R. Civ. P. 32.  Assuming that Murphy makes a showing to the court during trial that the witnesses are not present for the trial, do not reside in South Dakota and reside more than 100 miles from Rapid City, South Dakota, the court will deem them unavailable.  There is no requirement under either Rule 45 or Rule 32 that the witness be deposed in this litigation before his or her testimony would be admissible.  See Hangarter v. Provident Life & Accident Ins. Co., 373 F.3d 998, 1019 (9th Cir. 2004) (deposition testimony from prior case admissible where witness lived more than 100 miles from place of trial or hearing and defendant's counsel had opportunity to cross-examine witness in the prior case).

    Kmart contends that the deposition testimony is not admissible because Murphy cannot demonstrate that Kmart had an opportunity to cross-examine the witnesses in the prior actions with a similar motive to develop their testimony as is required by Fed. R. Evid. 804(b)(1) and because Kmart was represented by different counsel in the other matters.  The depositions of the witnesses were taken in two recent age discrimination cases against Kmart.  Kmart was represented by counsel during these depositions and had the same motive to develop the testimony and examine the witnesses as it does in this litigation. The evidence, if believed by the jury, would concern identical claims of age discrimination and be about discriminatory actions taken as a result of

discriminatory orders that were handed down by Kmart officers.  Kmart had a similar motive to disprove the allegations of misconduct in the other actions.  Under these circumstances, the court concludes that the purpose for which the testimony was developed in the prior proceedings was such that Kmart had a similar motive for testing the credibility of the testimony on cross-examination.

In DuLuryea, the Eighth Circuit Court of Appeals found that testimony of an unavailable physician from DuLuryea's workers' compensation case was admissible in a strict liability action that was brought by DuLuryea against the manufacturer of an injectable drug for pain relief.  DeLuryea, 697 F.2d at 227-228.  The court found that DuLuryea had a similar motive for testing the credibility of the physician on cross-examination in both actions and upheld the admission of the deposition testimony of the physician.  DeLuryea further argued that she was represented by different counsel at the workers' compensation hearing.  The Eighth Circuit found, however, that representation by the same counsel at both proceedings is not required.  Id. at 227.  Similar to DuLuryea, the court finds here that there is substantial identity of issues and parties in the three proceedings in question and that representation by the same counsel at all the proceedings is not required.  See also McKnight v. Johnson Controls, Inc., 36 F.3d 1396, 1410 (8th Cir. 1994) (deposition testimony of third party who sued manufacturer for injuries from a battery explosion similar to plaintiff's was admissible because manufacturer

5

had similar motive and opportunity to develop or cross-examine the testimony).

Finally, Kmart contends that the referenced testimony is not relevant to Murphy's claims and should not be admitted at trial. This court will reserve ruling on the relevance issue until closer to trial when Murphy has actually designated the portions of the depositions that he intends to present to the jury. The court will then be in a better position to determine relevance and rule on any objections to the designated testimony.

Therefore, Murphy may use the depositions of Dennis Ferree, Karen Larson, and Dennis Siever, who each gave deposition testimony in the <u>Ferree</u> and <u>Klompenberg</u> cases, subject to the court's subsequent ruling on any relevance objections. If use at trial is contemplated, Murphy must meet the standards of Fed. R. Evid. 804(b)(1) and establish the unavailability of the deponents at trial. Accordingly, it is hereby

ORDERED that plaintiff's motion for use of prior deposition transcripts at trial (Docket 83) is granted.

Dated December 16, 2008.

                                BY THE COURT:

                                */s/ Karen E. Schreier*
                                KAREN E. SCHREIER
                                CHIEF JUDGE