UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| DOUG MURPHY, | ) | CIV. 07-5080-JLV |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING IN PART |
| | ) | AND DENYING IN PART |
| vs. | ) | DEFENDANT'S MOTION TO |
| | ) | STRIKE AND EXCLUDE |
| KMART CORPORATION, | ) | *IN LIMINE* |
| | ) | |
| | ) | |
| Defendant. | | |

## INTRODUCTION

Pending before the court is defendant's motion to strike the affidavit of plaintiff's counsel and to exclude *in limine* documents and testimony relating to the verdict in Hawkins v. Kmart Corporation, No. RIC462322 (Cal. Super. Ct. 2009). (Docket 205). Plaintiff resists defendant's motion in its entirety. (Docket 209). This matter has been fully briefed and is ripe for adjudication.

## FACTS AND PROCEDURAL HISTORY

Kmart moves to strike from the summary judgment record the special verdict forms entered in Hawkins. The first form is a one-page document setting forth a $25 million dollar punitive damages award against Kmart in favor of plaintiff Bill R. Hawkins. (Docket 195, Exhibit 84). The document is dated July 29, 2009, and is entitled "Special Verdict–Punitive Damages." Id. Plaintiff's counsel attached this document as Exhibit 84 to his affidavit filed on August 14, 2009. (Docket 195).

The second form is a three-page document setting forth the jury's findings of fact with respect to Mr. Hawkins' claims for breach of employment contract and age discrimination. (Docket 204, Exhibit 84). The jury found in

favor of Mr. Hawkins on both claims and awarded a total of $916,917 in compensatory damages. Id. Further, to sustain the punitive damages award, the jury found, by clear and convincing evidence, that Kmart committed fraud, oppression, or malice in discharging Mr. Hawkins because of his age. Id. at p. 3. The jury also found, by clear and convincing evidence, that several named Kmart employees committed, authorized, adopted, or approved the fraud, oppression, or malice. Id. This document is dated July 28, 2009, and is entitled "Special Verdict." Id. at pp. 1 & 3. Plaintiff's counsel included the document in his affidavit filed on September 10, 2009.[1] (Docket 204). The August 14, 2009, and September 10, 2009, affidavits were filed in opposition to Kmart's pending motion for summary judgment.

Kmart also moves to strike from the summary judgment record and to exclude *in limine* the September 10, 2009, affidavit of plaintiff's counsel. (Docket 205). Finally, Kmart seeks to exclude *in limine* the Hawkins special verdict forms and any documents, testimony, references, inferences, or other evidence regarding the verdict in Hawkins. Id.

## DISCUSSION

**A.    September 10, 2009, Affidavit of Plaintiff's Counsel**

The court notes Mr. Murphy offers no argument in opposition to Kmart's request to strike and to exclude *in limine* the September 10, 2009, affidavit.

---

[1] Counsel filed the September 10, 2009, affidavit for the sole purpose of introducing the three-page special verdict form issued in Hawkins. (Docket 204). Although labeled Exhibit 84, the special verdict form is the sole exhibit associated with the affidavit.

2

See generally Docket 209 (plaintiff's memorandum). In any event, the court finds portions of the affidavit inadmissible for purposes of opposing Kmart's summary judgment motion. Fed. R. Civ. P. 56(e) governs the use of affidavits within the context of summary judgment and states, in relevant part:

> A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.

Fed. R. Civ. P. 56(e)(1).

The September 10, 2009, affidavit contains statements that do not satisfy the criteria set forth in Rule 56(e)(1). For example, counsel states: (1) "The Special Verdict form is relevant to the Murphy case because it represented findings against Kmart in a very similar age discrimination case."; (2) "Notably, Kmart was found guilty of fraud, oppression, or malice resulting in punitive damages against it."; and (3) "Similarly, Richard Carr and Aimee Grabau, who are both involved in the Murphy case, were also found guilty of committing, authorizing, adopting, or approving the fraud, oppression, or malice against a similarly situated employee, Bill Hawkins." (Docket 204 at pp. 1-2). As counsel had no involvement in the Hawkins litigation, counsel clearly lacks personal knowledge of events that occurred in the Hawkins case and, thus, is incompetent to testify as to these matters. See Fed. R. Civ. P. 56(e)(1); see also Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness

has personal knowledge of the matter. . . ."); 10B Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2738 at p. 358 (3d ed. 1998) ("Attorneys' affidavits are governed by the same rules that apply to other affidavits under Rule 56. Thus, an attorney's affidavit is admissible only to prove facts that are within the attorney's personal knowledge and as to which the attorney is competent to testify; an affidavit stating what the attorney believes or intends to prove at trial will be disregarded."). Accordingly, the court grants in part and denies in part Kmart's request with respect to the September 10, 2009, affidavit. The entire affidavit need not be stricken or excluded *in limine.* Wright, Miller & Kane, *supra*, § 2738 at p. 375 ("The court will disregard only the inadmissible portions of a challenged affidavit and consider the rest of it."). Rather, it is the above-identified statements contained within the affidavit that are inadmissible. These statements are stricken from the summary judgment record and excluded *in limine* at trial.

**B.    Hawkins Special Verdict Forms**

**1.    Whether the Special Verdict Forms Should be Stricken from the Summary Judgment Record**

Kmart argues the Hawkins special verdict forms should be stricken from the summary judgment record because the forms are irrelevant, unduly prejudicial, not properly authenticated, and inadmissible hearsay. (Docket 206). The court notes only evidence that would be admissible at trial may be used to oppose a motion for summary judgment. Sokol & Associates, Inc. v. Techsonic Industries, 495 F.3d 605, 611 n. 4 (8th Cir. 2007); see also Shaver v.

4

Independent Stave Co., 350 F.3d 716, 723 (8th Cir. 2003) ("There are limits on what kinds of evidence a judge may consider in reviewing a motion for summary judgment, and inadmissible evidence obtained during discovery cannot be used to defeat such a motion.").

      **a.    Whether the Court Should Take Judicial Notice of the Special Verdict Forms**

Mr. Murphy argues the court may take judicial notice of judicial opinions and public records. The court agrees in a general sense. See, e.g., Stutzka v. McCarville, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (taking judicial notice of an order for default judgment issued in a separate, yet related bankruptcy action). Courts often take judicial notice of court records pursuant to Fed. R. Evid. 201,[2] particularly subsection (b)(2). 21B Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure § 5106.4 at p. 228 (2d ed. 2005).

Rule 201(b) states:

> **(b) Kinds of facts.** A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

Fed. R. Evid. 201(b).

---

[2]Rule 201 governs only judicial notice of adjudicative facts, which simply are the facts of the particular case. Fed. R. Evid. 201(a); Fed. R. Evid. 201 advisory committee's note. Rule 201(f) allows courts to take judicial notice at any stage in the proceedings, which would include summary judgment. Fed R. Evid. 201(f); Ochana v. Flores, 199 F. Supp. 2d 817, 831 (N.D. Ill. 2002).

5

Findings of fact by the trier of fact are not indisputable within the meaning of Rule 201 because the findings "were disputed at trial and if the case is overturned on appeal, they will be disputed again." Wright & Graham, *supra*, § 5106.4 at p. 235. Rule 201 does not permit courts to "judicially notice the truth of findings of fact." Id.

Importantly, "[a] court may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'" Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384, 1388 (2d Cir. 1992) (finding district court erred in taking judicial notice of bankruptcy court order to establish facts asserted therein). "When offered to prove the facts stated, court records are hearsay; hence, they would be admissible as evidence only if they satisfied some hearsay exception such as the official records exception . . . . [A] court cannot take judicial notice of a fact that would be inadmissible if it were offered as evidence." Wright & Graham, *supra*, § 5106.4 at p. 231.[3]

---

[3]The following example is a useful illustration of this distinction:

> Consider, for example, a court trial in which the judge says at the conclusion of the evidence: "I find the defendant guilty." If the judge's words were offered in evidence in another hearing to prove the defendant's guilt, they would [be] hearsay and inadmissible in the absence of some exception. On the other hand, if the judge's words were offered to prove that the defendant had been convicted, they would not be hearsay because they are "legally operative conduct." Similarly, if another court were to notice the court record of the judge's utterance to show that the defendant was guilty, this would be improper because the defendant's guilt is not "indisputable." But the record of the judge's utterance would be a source of "reasonably indisputable accuracy" if the court wished to notice, not defendant's guilt, but his conviction.

6

Accordingly, a court may take judicial notice of another court's record for the limited purpose of recognizing the "judicial act" represented by the record or the subject matter of the litigation. United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (listing inter-circuit cases).

Rule 201 allows the court to take judicial notice of the *existence* of the Hawkins special verdict forms. The fact that Kmart was a defendant in another age discrimination lawsuit is not subject to reasonable dispute. The fact that a jury entered a verdict in favor of Mr. Hawkins against Kmart is not subject to reasonable dispute.[4] These are legally operative facts. However, the findings of fact upon which the Hawkins verdict is based do not satisfy Rule 201(b)–the jury's findings are not generally known to the public, nor are they so indisputable that their accuracy cannot reasonably be questioned. David v. Comm'r, 1993 WL 534040 at *5, 66 T.C.M. (CCH) 1774 (1993) (memorandum opinion). "The mere fact that a jury in one case makes findings of facts is not a basis for another court to take judicial notice of those findings and deem them indisputably established for purposes of the pending litigation." Id.; see also United States v. Collier, 68 Fed. Appx. 676, 683 (6th Cir. 2003) (district court did not err in taking judicial notice of a bankruptcy court judgment for the limited purpose of acknowledging the proceeding took place; however, the

---

Federal Practice and Procedure: Evidence 2d § 5106.4 at pp. 231-32.

[4]The jury awarded Mr. Hawkins $916,917 in compensatory damages and $25 million in punitive damages. (Docket 204 & Docket 195, Exhibit 84). The court gives no weight to these facts as it appears the presiding judge granted Kmart's motions for a new trial on the issue of damages. (Docket 211, Exhibit A).

findings of fact underlying the judgment were capable of reasonable dispute and, thus, were not subject to judicial notice); Taylor v. Washington Metro Area Transit Auth., 922 F. Supp. 665, 675-76 (D. D.C. 1996) (court may take note of the existence of other discrimination and retaliation lawsuits involving the defendant, but cannot "transpose the factual findings of another judge or jury into the framework of this case").

The court *cannot* take judicial notice of the findings of fact by the Hawkins jury, for to do so would exceed the scope of Rule 201. "Judicial notice alleviates the parties' evidentiary duties at trial, serving as a substitute for the conventional method of taking evidence to establish facts." Cervantes v. Wal-Mart Stores, Inc., 1 Fed. Appx. 762, 766 n. 4 (10th Cir. 2001) (unpublished) (citation and internal quotation marks omitted). Mr. Murphy "cannot take advantage of a jury's decision in a parallel case to relieve him of his duty to prove his case here." Id.; see also M/V American Queen v. San Diego Marine Const. Corp., 708 F.2d 1483, 1491 (9th Cir. 1983) ("As a general rule, a court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it."). In short, only for purposes of summary judgment, the court shall take judicial notice of the *existence* of the Hawkins special verdict forms, but not the findings of fact contained therein.

### b.  Whether the Special Verdict Forms are Authenticated

Kmart argues Mr. Murphy failed to authenticate the Hawkins special verdict forms under Fed. R. Evid. 901. (Docket 206 at pp. 2-4). Rule 901(a)

8

provides "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). Rule 901(b) provides examples of methods of authentication or identification that satisfy the requirements of the rule. Fed. R. Evid. 901(b). One such example relates to public records or reports. Fed. R. Evid. 901(b)(7). With such documents, the requirement of authentication or identification is met by "[e]vidence that a writing authorized by law to be recorded or filed and in fact recorded or filed in a public office, or a purported public record, report, statement, or data compilation, in any form, is from the public office where items of this nature are kept." Id.

The court finds the three-page special verdict form included as part of the September 10, 2009, affidavit of plaintiff's counsel (Docket 204) is properly authenticated under Rule 901(b)(7). The first page of the form exhibits the "filed" stamp of the Superior Court of California, County of Riverside, indicating the form was filed on July 28, 2009, by "DL"–presumably a member of the county clerk's office. The court finds this to be sufficient authentication for purposes of the summary judgment record.

Further, the court finds the one-page special verdict form attached to the August 14, 2009, affidavit of plaintiff's counsel (Docket 195, Exhibit 84) to be self-authenticating under Fed. R. Evid. 902. Rule 902 provides that a proponent need not offer extrinsic evidence of authenticity as a condition precedent to the admissibility of certain categories of documents. Fed. R. Evid.

902. One such category is domestic public documents under seal. Fed. R. Evid. 902(1). A domestic public document under seal is a "document bearing a seal purporting to be that of the United States, or of any State, district, Commonwealth, territory, or insular possession thereof . . . and a signature purporting to be an attestation or execution." Id. The special verdict form exhibits the "filed" stamp of the Superior Court of California, County of Riverside, indicating the form was filed by "DL" on July 29, 2009. (Docket 195, Exhibit 84). The form also exhibits the official seal of the Superior Court of California, County of Riverside. Id. The form is certified by deputy K. Deaton on August 5, 2009, to be a "full, true and correct copy of the original on file and of record. . . [.]" Id. The certification and seal are in red, which complies with the requirement that "[t]his must be in red to be a 'CERTIFIED COPY[.]' " Id. The court finds this document to be self-authenticating for purposes of the summary judgment record.

Kmart argues plaintiff's counsel has no personal knowledge of the *creation* of the special verdict forms and, thus, he cannot introduce the forms through his affidavits for purposes of summary judgment. (Docket 206 at p. 3). Rule 56(e) provides that a "supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(e)(1); see also Shanklin v. Fitzgerald, 397 F.3d 596, 602 (8th Cir. 2005) ("To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge

10

setting forth such facts as would be admissible in evidence . . . .") (citation and internal quotation marks omitted). Given the court's determination that the special verdict forms are authentic, any deficiencies in the affidavits of plaintiff's counsel may be excused. Plaintiff's counsel need not have personal knowledge of the *creation* of the special verdict forms because the forms have been properly authenticated. Plaintiff's counsel does have personal knowledge that the forms are true and correct copies as attested to in his affidavits.

### c. Whether the Special Verdict Forms are Hearsay

Kmart argues the Hawkins special verdict forms are inadmissible hearsay. (Docket 206 at pp. 3-4). Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). If Mr. Murphy offers the special verdict forms to prove the truth of the matter asserted therein, the forms are hearsay. United States v. Sine, 493 F.3d 1021, 1036 (9th Cir. 2007) ("It is even more plain that the introduction of discrete judicial factfindings and analysis underlying the judgment to prove the truth of those findings and that analysis constitutes the use of hearsay."); United States v. Boulware, 384 F.3d 794, 806 (9th Cir. 2004) ("A prior judgment is therefore hearsay to the extent that it is offered to prove the truth of the matters asserted in the judgment."); Taylor, 922 F. Supp. at 675 (findings of fact from other discrimination and retaliation lawsuits involving the same defendant were hearsay).

A prior judgment is not hearsay if offered to establish its legal effect. Boulware, 384 F.3d at 806. Nothing in Mr. Murphy's responsive brief would suggest he is offering the special verdict forms to establish their legal effect. See generally Docket 209. Rather, it appears Mr. Murphy intends to offer the forms to prove the truth of the matter asserted therein, *i.e.*, that Kmart acted with fraud, oppression or malice against Mr. Hawkins and certain Kmart employees committed, authorized, or approved such conduct. When offered for this purpose, the special verdict forms clearly are hearsay as defined in Rule 801(c). Fed. R. Evid. 802 prohibits the admission of hearsay, subject to certain exceptions enumerated in Fed. R. Evid. 803. Mr. Murphy does not appear to dispute the special verdict forms are hearsay, but argues an exception to the hearsay rule applies, specifically Rule 803(8). Id. at p. 5. This rule states as follows:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
> . . . .
> **(8) Public records and reports.** Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

Fed. R. Evid. 803(8).

Courts routinely have held civil judgments and orders do not fall within the hearsay exception for public records and reports. Fairley v. Andrews, 423 F. Supp. 2d 800, 811 (N.D. Ill. 2006) (permitting references to the existence of related litigation, but prohibiting references to the *outcome* of the litigation because the verdict was inadmissible hearsay and unduly prejudicial); Boulware, 384 F.3d 794, 806 ("Although Rule 803 contains exceptions for certain kinds of judgments, such as judgments of previous felony convictions and judgments as to personal, family, or general history or boundaries, . . . civil judgments do not fit comfortably into any hearsay exception."); Blue Cross and Blue Shield, Inc. v. Philip Morris, Inc., 141 F. Supp. 2d 320, 323 (E.D. N.Y. 2001) (noting judicial findings in other cases generally are inadmissible hearsay and no specific exception applies); Jones, 29 F.3d at 1554 (noting the plain language of Rule 803(8)(C) and the advisory committee's note demonstrate the public records exception does not apply to judicial findings of fact, but rather to the findings of agencies and offices of the executive branch and noting that "when the drafters of the Federal Rules of Evidence wanted to allow the admission of judgments or their underlying facts, they did so expressly"); Nipper v. Snipes, 7 F.3d 415, 417 (4th Cir. 1993) ("[A] review of the advisory committee note to Rule 803 makes plain that the drafters intended this portion of the rule [Rule 803(8)(C)] to relate to findings of agencies and offices of the executive branch."); Trustees of Univ. of Pennsylvania v. Lexington Ins. Co., 815 F.2d 890, 905 (3d Cir. 1987) (noting nothing in the plain language of Rule 803(8)(C), the advisory committee's note, or leading treatises

suggests the public records exception applies to judicial findings); Greycas, Inc. v. Proud, 826 F.2d 1560, 1567 (7th Cir. 1987) ("We are aware that, with immaterial exceptions, . . . civil judgments are said not to be usable in subsequent proceedings as evidence of the facts underlying the judgment; for as to those facts, the judgment is hearsay.").

The court concludes the Hawkins special verdict forms, if offered to prove the truth of the matter asserted, are hearsay not subject to the public records exception.[5] Accordingly, on summary judgment, the court will not consider the special verdict forms for their truth.

### d. Whether the Special Verdict Forms are Admissible Under Rule 404(b)

Mr. Murphy does not argue specifically the special verdict forms are admissible as evidence of other wrongs or acts under Fed. R. Evid. 404(b). Although Mr. Murphy never mentions Rule 404(b), he argues the special verdict forms are relevant to show Kmart's "pattern and practice" of discrimination. (Docket 209 at p. 7). Rule 404(b) allows the admission of other wrongs or acts as evidence of "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." Fed. R. Evid. 404(b). Evidence of other wrongs or acts is admissible if it is "(1) relevant to a material issue, (2) established by a preponderance of the evidence, (3) more

---

[5]Mr. Murphy does not argue Fed R. Evid. 807, the residual exception to the hearsay rule, applies. Accordingly, the court will not address Rule 807.

14

probative than prejudicial,[6] and (4) similar in kind and close in time to the events at issue." Duckworth v. Ford, 83 F.3d 999, 1001 (8th Cir. 1996).  In Duckworth, a civil rights case, the district court admitted into evidence at trial certain information about the litigation and jury verdict in a related case involving the same parties.  Id.  The district court admitted the evidence under Rule 404(b).  Defendant argued on appeal that the district court erred in admitting the evidence.  Id.  The Court of Appeals for the Eighth Circuit determined the district court did not abuse its discretion in admitting the evidence because the two cases were factually similar and the events at issue in both cases occurred at about the same time and under similar circumstances.  Id. at 1001-02.  The Eighth Circuit also found the probative value of the evidence was not substantially outweighed by its prejudicial effect because the district court cautioned the jury about the limited relevance of the judgment in the other case.  Id. at 1002.

In contrast, in Batiste-Davis v. Lincare, Inc., a race and sex discrimination lawsuit, the Eighth Circuit held the district court abused its discretion in admitting at trial evidence of a prior discrimination lawsuit initiated by plaintiff against a different employer.  526 F.3d 377, 380-81 (8th Cir. 2008).  The district court admitted such evidence under Rule 404(b) to show plaintiff's motive in filing her current lawsuit.  Id. at 380.  The Eighth

---

[6]This analysis is equivalent to that under Fed. R. Evid. 403.  Batiste-Davis v. Lincare, Inc., 526 F.3d 377, 380 (8th Cir. 2008); Firemen's Fund Ins. Co. v. Thien, 63 F.3d 754, 759 (8th Cir. 1995) ("Admissibility under Rule 404(b) is contingent upon admissibility under Rule 403 . . . .").

Circuit found the prior lawsuit was "relevant, similar, and probably close enough in time." Id. (employing the four-part test articulated in Duckworth). However, the Eighth Circuit found the probative value to the issue of plaintiff's motive was minimal because the prior lawsuit was six years old and was the only other discrimination lawsuit initiated by plaintiff. Id. The Eighth Circuit further found "[t]he charge of litigiousness is a serious one, likely to result in undue prejudice against the party charged . . . ." Id. Thus, the probative value of the prior lawsuit was substantially outweighed by its undue prejudice. Id. at 381.

Here, for purposes of summary judgment, the court finds the Hawkins special verdict forms, supplemented by other information in the summary judgment record regarding the Hawkins litigation, see Docket 195, to be relevant to the issue of Kmart's intent or motive in its actions against Mr. Murphy. The two cases involve allegations of age discrimination against the same defendant, involve some of the same key players, and are roughly contemporaneous in time. Mr. Hawkins and Mr. Murphy were similarly situated, and certain salient facts are common to both cases. The more problematic issue is whether the danger of undue prejudice outweighs the likely probative value of the special verdict forms. The court recognizes the line of authority holding that prior verdicts are unduly prejudicial. See Athridge v. Aetna Cas. and Sur. Co., 585 F. Supp. 2d 20, 27 (D. D.C. 2008) (excluding evidence of the verdict in a related action given the undue weight the jury was likely to give the verdict and the unfair prejudice that could result and noting

16

"[c]ourts have consistently avoided potential jury confusion and unfair prejudice in related actions in excluding judicial findings, convictions, and similar evidence on Rule 403 grounds"); Fairley, 423 F. Supp. 2d at 811-812 (permitting references to the existence of prior litigation, but prohibiting references to the outcome of the litigation under Rule 403); Malone v. Pipefitters' Ass'n. Local Union 597, No. 97 C 3718, 2004 WL 1881778 at *2 (N.D. Ill. Aug. 13, 2004) (excluding at trial evidence of prior judgments against the defendant because the danger of unfair prejudice outweighed the minimal probative value); Faigin v. Kelly, 184 F.3d 67, 80 (1st Cir. 1999) (upholding exclusion at trial of a sanctions order under Rule 403 and noting "[a] lay jury is quite likely to give special weight to judicial findings merely because they are judicial findings"); Greycas, Inc., 826 F.2d at 1567 (noting a jury is "apt" to give exaggerated weight to a judgment); Coleman Motor Co. v. Chrysler Corp., 525 F.2d 1338, 1351 (3d Cir. 1975) ("A jury is likely to give a prior verdict against the same defendant more weight than it warrants. The admission of a prior verdict creates the possibility that the jury will defer to the earlier result and thus will, effectively, decide a case on evidence not before it."); *cf.* Sine, 493 F.3d at 1033-34 (holding the district court erred in admitting into evidence findings of fact from a court order entered in a previous lawsuit and noting "jurors are likely to defer to findings and determinations relevant to credibility made by an authoritative, professional factfinder rather than determine those issues for themselves"); Nipper, 7 F.3d at 418 (holding the district court erred in admitting into evidence a court order entered in a previous lawsuit and

noting "judicial findings of fact present a rare case where, by virtue of their having been made by a judge, they would likely be given undue weight by the jury . . .") (citations and internal quotation marks omitted).

In support of its motion to strike, Kmart provided a non-certified copy of what is apparently a statement of decision issued by the court presiding over the Hawkins trial. (Docket 211, Exhibit A). If the document is authenticated, it would appear the court denied Kmart's motions for a new trial on the issue of liability, but granted Kmart's motions for a new trial on the issues of economic and non-economic damages and punitive damages. This is particularly problematic and would likely weigh in favor of excluding at trial the Hawkins special verdict forms under Rule 403. However, the court is less concerned with the danger of unfair prejudice because a jury is not involved at this stage of the litigation. The court, as the factfinder on summary judgment, is capable of according the special verdict forms as much or as little weight as deemed appropriate. Accordingly, the court will consider as Rule 404(b) evidence the Hawkins special verdict forms on summary judgment. The court notes its ruling is limited to the summary judgment record–whether the special verdict forms are admissible at trial is another matter to be determined at a later date.

2. **Whether the Special Verdict Forms and All Evidence Relating to the Hawkins Verdict Should be Excluded *In Limine* from Admission at Trial**

Kmart moves to exclude from trial the admission of the special verdict forms and all evidence relating to the Hawkins verdict. The court finds Kmart's

18

motion *in limine* premature in light of Kmart's pending summary judgment motion.  Accordingly, the court denies Kmart's motion *in limine* without prejudice to refiling at the appropriate time.

## CONCLUSION

In accord with the above discussion, it is hereby

ORDERED that Kmart's motion to strike and exclude *in limine* (Docket 205) is granted in part and denied in part.

Dated September 15, 2010.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE